UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Sifford, #12712-058, | ) C/A No. 8:11-3019-MBS-JDA |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| United States of America, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a federal prison inmate.[1] Plaintiff is currently incarcerated at FCI-Bennettsville, located in Bennetsville, South Carolina. He sues "United States of America" under the *Bivens* Doctrine,[2] claiming that he has been subjected to medical indifference by the Federal Bureau of Prisons in connection with a torn ACL[3] in one of his knees. According to Plaintiff, the ACL tear occurred in February 2002 while he

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[3] The anterior cruciate ligament (ACL) is a cruciate ligament which is one of the four major ligaments of the human knee. *See* WebMD, http://www.webmd.com/a-to-z-guides/anterior-cruciate-ligament-acl-injuries-topic-overview (last consulted November 15, 2011 (10:06am).

was playing basketball at a different federal prison. Also according to Plaintiff, surgery on the knee was recommended by the physician who treated him outside of the prison, but the BOP "medical committee" has consistently refused to authorize the surgery ever since 2002, even when doctors at BOP institutions have put in requests for the surgery on his behalf. Instead of the surgery, BOP has been treating Plaintiff's knee "conservatively" with pain medications, icing, and a knee brace, both of which Plaintiff claims are ineffective. He claims that his knee causes him pain routinely and that it "buckles" and "feels very loose." Plaintiff seeks compensatory and punitive damages, claiming cruel and unusual punishment. He also seeks injunctive relief. The only Defendant listed in the Complaint is "United States of America."

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

Plaintiff's allegations about continuing attempts by the BOP, as conservative as they may be, to treat his knee over the years, present a close case as to whether medical indifference, medical malpractice, or simply a disagreement with the way the treatment has been provided up to this point is shown. *See, e.g.*, *Johnson v. Wright*, 412 F. 3d 398, 404 (2d Cir. 2005)(intentional refusal to follow physicians' recommendations may be indifference); *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.. 1994)(no indifference where prisoner received some, thought not his preferred, treatment for condition)(collecting cases); *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986)(same); *Titlow v. Corr. Med. Servs.*, No. 07-cv-12083, 2008 WL 907450, *7 (E.D. Mich. March 31, 2008)(indifference; rejection of physicians' recommendation). However, even if Plaintiff's allegations are otherwise sufficient to state a viable medical indifference claim against someone, a question which is not necessary to decide in this Report, his failure to name a proper defendant in his *Bivens* claim requires summary dismissal of his Complaint.

A *Bivens* claim lies only against individual, personally responsible federal officials or employees, not against the United States of America, itself. It is settled that the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit *except* under the Federal Tort Claims Act (FCTA). An extension of *Bivens* to agencies of the federal government is not supported by the logic of *Bivens* itself. Thus, it has been held that no *Bivens* claim may be prosecuted against the United States of America or one of its agencies such as BOP. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

In the first line of his Complaint, Plaintiff explicitly states that his Complaint is filed under the *Bivens* Doctrine. (ECF No. 1, Compl. 2). Nowhere in his allegations is there any mention of the FTCA, nor can such a claim be "liberally construed" from the allegations since there is no reference to an exhaustion of the required administrative remedies for such a claim. Although the FTCA waives the sovereign immunity of the United States in certain situations (for example, medical malpractice by federal doctors), litigants must strictly comply with the requirements of the FTCA before this Court can be accessed to consider such claim. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the FTCA. Administrative claims must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. There is no indication in his Complaint that Plaintiff timely submitted a claim on the Standard Form 95 to the BOP. Thus, in absence of a

proper *Bivens* defendant or allegations showing the FTCA administrative remedies have been exhausted, this Complaint is subject to summary dismissal without prejudice.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacqueline D. Austin
United States Magistrate Judge

November 15, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).