IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tyrone Sifford, | ) Case No. 8:11-cv-3019-RMG-JDA |
| | ) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| Warden Drew; Luis Berrios, M.D.; | ) |
| Julia E. Berrios, M.D.; Nestor Orsorto, | ) |
| M.L.P. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment filed by Defendants [Doc. 53], and a motion to amend/correct the amended complaint by Plaintiff [Doc. 70]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in pro se cases and to submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on October 28, 2011.[1] [Doc. 1.] Plaintiff originally named the United States as the defendant. [*Id.*] On November 15, 2011, the undersigned recommended summary dismissal of the action without prejudice because a *Bivens* claim cannot lie against the United States of America. [Doc.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on October 28, 2011 [Doc. 1-4 (envelope marked as processed on October 28, 2011 by prison mail room).]

11.] On December 6, 2011, the Honorable Margaret B. Seymour adopted the Report and Recommendation and summarily dismissed the case. [Doc. 17.] On December 19, 2011, Plaintiff moved to reopen the case and attached a proposed amended complaint naming as defendants Warden Drew ("Drew"), Luis Berrios M.D. ("L. Berrios"), Julia E. Berrios M.D. ("J. Berrios"), and Nestor Osorto MLP ("Osorto") (collectively, "Defendants"). [Docs. 21, 21-1.] On June 27, 2012, the case was reopened [Doc. 31], and on June 29, 2012, the amended complaint was filed [Doc. 36].

On October 4, 2012, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 53.] On October 5, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 54.] Plaintiff filed a response in opposition to Defendants' motion on October 31, 2012. [Doc. 56.] On February 25, 2012, Plaintiff attempted to file a second amended complaint, which the Clerk of Court construed and filed as a motion to amend/correct the amended complaint. [Doc. 70.] Defendants filed a response in opposition on March 11, 2013 [Doc. 72], and Plaintiff filed a reply on March 22, 2013 [Doc. 74]. Accordingly, the motions are now ripe for consideration.

## BACKGROUND

Plaintiff alleges he hurt his knee playing basketball in February 2002. [Doc. 36 at 2.] An MRI conducted a few months later revealed a torn ACL, and the doctor reviewing the MRI recommended surgery. [*Id.*; *see also* Doc. 1-2 (medical records).] Plaintiff alleges that, on several occasions, a review committee denied his requests for surgery and

2

indicated Plaintiff would be treated conservatively. [Doc. 36 at 2.] Plaintiff alleges he was given a hinge knee brace to stabilize his knee. [*Id.*]

Plaintiff alleges it has been several years since the injury and since arthroscopic surgery was recommended, but he has not had surgery and the pain in his knee has become unbearable. [*Id.*] Plaintiff complains the prison doctors expect Plaintiff to wear the leg brace at all times rather than try to correct the problem. [*Id.* at 3.] Plaintiff complains that his knee has begun to grind together, buckles at times, and feels very loose. [*Id.*] Plaintiff alleges he has exhausted all of his administrative remedies but has consistently been denied proper treatment. [*Id.*] Plaintiff seeks a jury trial to demand proper and appropriate measures to repair his knee; damages for cruel and unusual punishment; damages for pain and suffering; punitive damages; a restraining order enjoining the Bureau of Prisons ("BOP") and its staff members from retaliating against Plaintiff; and any other remedy a jury may deem appropriate and just under the circumstances. [*Id.* at 3–4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under *Bivens***

In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of *federal* constitutional rights. 403 U.S. at 389. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983[2]; federal officials cannot be sued under § 1983, however, because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Mitchell v. Forsyth*, 511 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir. 1988). To establish a claim under *Bivens*, a plaintiff must prove two elements: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) the defendant did so under color of federal law. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (setting forth requirements for a § 1983 claim under color of state law); *see also Bivens*, 403 U.S. at 389 ("In [a previous case], we reserved the question whether violation of [the Constitution] by a federal agent acting under color of his

---

[2]Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.

4

authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does.").

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

6

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendants first argue they are entitled to sovereign immunity and, accordingly, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. [Doc. 53 at 2–4.] Additionally, Defendants argue Plaintiff's amended complaint fails to comply with Rule 8(a)(2) because it fails to make specific allegations against any individual defendant [*id.* at 10–13]; Plaintiff's amended complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) [*id.* at 14]; Defendants are entitled to qualified immunity [*id*. at 14–16]; Plaintiff fails to state a violation of the Eighth Amendment as it relates to his medical care [*id.* at 16–18]; negligence/medical malpractice does not state a valid constitutional claim [*id.* at 18–19]; Drew, as a non-medical prison official, was entitled to rely on the professional judgment of medical staff and may not be held personally liable for decisions made by medical personnel [*id.* at 19–21]; supervisory liability does not attach for Drew [*id.* at 21–22]; and Plaintiff cannot satisfy the Prison Litigation Reform Act's physical injury requirement [*id.* at 22–23].

**Sovereign Immunity**

As an initial matter, the Court notes *Bivens* claims for damages are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend a *Bivens* remedy to federal agencies); *see also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (noting "a *Bivens* action does not lie against either agencies or officials in their official capacity"). However, sovereign immunity does not bar damages actions against federal officials in their individual capacities for violation of an individual's constitutional rights.

*Gilbert v. Da Grossa*, 756 F.2d 1455, 1459 (9th Cir. 1985) (citing *Davis v. Passman*, 442 U.S. 228 (1979)).  Further, sovereign immunity is not a bar to actions seeking equitable relief.  *Singletary v. Fallen*, No. 0:11-543-CMC-PJG, 2012 WL 368375, at *2–3 (D.S.C. Jan. 17, 2012) (discussing relevant case and statutory law), *report and recommendation adopted by* 2012 WL 368364 (D.S.C. Feb. 3, 2012).  Accordingly, to the extent Plaintiff asserts claims for damages against Defendants in their official capacities, those claims should be dismissed, but the Court will consider Plaintiff's claims to the extent he has asserted such claims against Defendants in their individual capacities.

**No Specific Allegations Against Defendants**

None of the Defendants named in the caption of Plaintiff's amended complaint are even mentioned in the text of the amended complaint.  The absence of any allegation of personal involvement by Defendants means Plaintiff has failed to allege that any action or inaction on the part of these Defendants resulted in the alleged deliberate indifference of

Plaintiff's medical needs in violation of the Eighth Amendment.[3] Accordingly, Plaintiff's motion to dismiss should be granted.[4]

---

[3]To the extent Plaintiff has alleged a claim against Drew under a theory of supervisory liability, such claim should be denied. First, the Supreme Court may have entirely abrogated supervisory liability in *Bivens* actions. *See Iqbal*, 556 U.S. at 693(Souter, J., dissenting) ("Lest there be any mistake, . . . the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely. The nature of a supervisory liability theory is that the supervisor may be liable, under certain conditions, for the wrongdoing of his subordinates, and it is this very principle that the majority rejects."). Moreover, even if supervisory liability remains in *Bivens* actions, because there is no doctrine of respondeat superior in *Bivens* and § 1983 claims, *id.* at 676–84, a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).

Here, Plaintiff has failed to demonstrate sufficient facts to establish any of the three necessary parts of a supervisory liability claim. As previously stated, Plaintiff has failed to even mention Drew in the text of the amended complaint. Therefore, Plaintiff has failed to state a claim against Drew under a theory of supervisory liability.

[4]Plaintiff has attempted to cure his failure to allege personal involvement by Defendants by seeking to amend his amended complaint to allege that "each defendant actually knew of the prescribed treatment[] and ignored [P]laintiff's serious medical need" and intentionally denied or delayed Plaintiff's access to treatment. [Doc. 70 at 2.] The Court declines to grant Plaintiff leave to amend for two reasons. First, the motion to amend is untimely as it was filed eight months after the amended complaint. Second, allowing Plaintiff to amend his amended complaint at this procedural posture would be prejudicial to Defendants, whose motion to dismiss or, in the alternative, for summary judgment had been pending for four months when Plaintiff attempted to file his second amended complaint. Out of an abundance of caution, however, the Court has reviewed Plaintiff's proposed amendment and finds that the amendment would not have cured the defects in the amended complaint and would be futile.

First, Plaintiff has failed to allege or show that Defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they had drawn the inference. *See Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is cruel and unusual, the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to any form of punishment." (citations and internal quotations omitted)). Defendants have provided the declaration of J. Berrios in which she avers that on October 5, 2006, the Utilization Review Committee approved an orthotic evaluation and forwarded it to the

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss or, in the alternative, for summary judgment be GRANTED, and Plaintiff's motion to amend/correct the amended complaint DENIED.

---

Region. [Doc. 53-2 ¶ 7.] X-rays were taken on October 25, 2006, and the study was negative for recent fracture or significant bony abnormality. [*Id.*¶ 8.] Plaintiff did not return to medical sick call in 2006 or 2007 for any complaints related to his right knee. [*Id.*¶¶ 9–10.] In February, March, November, and December 2008, Plaintiff complained of knee pain. [*Id.* ¶¶ 12–15]. In February 2009, another x-ray was negative. [*Id.* ¶ 16.] In September 2009, a physical assessment on Plaintiff's knee was benign except for crepitus, which is a medical term to describe the grating, crackling, or popping sounds and sensations experienced under the skin and joints, or a crackling sensation due to the presence of air in the subcutaneous tissue. [*Id.* ¶ 17–18.] In July 2010, Plaintiff was assessed with a full range of motion in his knee and some crepitus, no swelling, and no pain to touch. [*Id.* ¶ 19.] Plaintiff made no visits to sick call with complaints related to his knee in 2011. [*Id.* ¶ 20.] In September 2012, Plaintiff's knee was evaluated, and he had no specific complaints, indicating he walked, ran, and jogged daily without any knee problems. [*Id.* ¶ 22.] He was assessed as having full range of motion and no tenderness and was able to ambulate with no limp. [*Id.*] On September 20, 2012, the Utilization Review Committee approved an orthopedic consult for Plaintiff. [*Id.* ¶ 23.] Plaintiff was examined on November 5, 2012, and an MRI of the right knee was recommended. [Doc. 61-1.] The MRI was performed on January 22, 2013. [Doc. 77-1.] Based on these facts, the Court finds Plaintiff has failed to allege Defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they had drawn the inference.

Second, Plaintiff's allegations have not shown that any conduct by these defendants shocks the conscience or is intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (stating "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights). Plaintiff has shown nothing more than a disagreement with the medical treatment provided, not that he was denied medical treatment. In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir. 1965)) ("Prisoners are entitled to reasonable medical care."); *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell*, 528 F.2d at 319. Further, negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983 or *Bivens*. *Gamble*, 429 U.S. at 106. Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or *Bivens*. *Id.* ("Medical malpractice does not become a constitutional, violation merely because the victim is a prisoner."). Thus, even if the Court allowed Plaintiff to amend his amended complaint, his second amended complaint would fail to state a claim.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

June 25, 2013
Greenville, South Carolina