IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

|  |  |
|---|---|
| Tyrone Sifford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:11-cv-3019-RMG |
| v. ) | |
| ) | |
| Warden Drew; Luis Berrios, M.D.; ) | ORDER |
| Julia E. Berrios, M.D.; Nestor Orsorto, ) | |
| M.L.P., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on a motion by Defendants Warden Drew, Luis Berrios, M.D., Julia Berrios, M.D., and Nestor Orsorto, M.L.P., to dismiss or, in the alternative, for summary judgment. (Dkt. No. 53). Also before the Court is Plaintiff Tyrone Sifford's motion to amend his Amended Complaint. (Dkt. No. 70). For the reasons stated below, the Court denies Plaintiff's motion to amend and grants Defendants' motion for summary judgment.

**Factual Background and Procedural History**

*A. Factual Background*

Plaintiff, a federal inmate currently housed at the Federal Medical Center in Butner, North Carolina, filed this *Bivens* action *pro se* on October 28, 2011. (Dkt. No. 1). He alleges that, while incarcerated in February 2002, he injured his knee playing basketball. (Dkt. No. 36). The parties have provided medical records reflecting that, following that injury, the prison's Utilization Review Committee recommended a conservative course of treatment centered on rehabilitation rather than surgery. (Dkt. No. 1-2 at 8). That course of treatment continued for several years, with reports from

Plaintiff's sporadic visits indicating the inconsistent manifestation of relatively minor symptoms including swelling, effusion and soreness, and a consistently good range of motion. (*Id.* at 8–32). The records indicate that, based on their observations during these visits, prison medical personnel continued a conservative course of treatment. (*Id.*).

The records further indicate that, on November 5, 2012, a Bureau of Prisons doctor reported that Plaintiff was suffering from knee instability, and recommended an MRI. (Dkt. No. 61-1 at 2). An MRI subsequently showed Plaintiff had a chrnoic, complete ACL tear, as well as menial and lateral meniscal tears and osteochondral lesions. (Dkt. No. 84-1 at 2). The examining physician reviewing the MRI recommended that Plaintiff be transferred to a medical center for ACL reconstruction surgery and rehabilitation. (*Id.*).

On May 1, 2013, Plaintiff was transferred to the Federal Medical Center at Butner. (Dkt. No. 89-1 at 3). There, on June 17, 2013, Plaintiff underwent ACL reconstruction surgery. (*Id.* at 4). He is currently continuing post-operative rehabilitation of his knee. (*Id.* at 4–5).

*B. Procedural History*

Upon filing, this case was referred to a United States Magistrate Judge for all pretrial proceedings. *See* 28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2) DSC. Defendants moved to dismiss or, in the alternative, for summary judgment on October 4, 2012. (Dkt. No. 53). On February 25, 2013, Plaintiff moved to amend his Amended Complaint, alleging that "each and every defendant actually knew of the prescribed treatment[] and ignored [his] serious medical need." (Dkt. No. 70 at 2). On June 25, 2013, the Magistrate Judge issued a Report and Recommendation, ("R&R"), addressing these two motions. In the R&R, the Magistrate Judge recommended that: (1) Plaintiff's motion to amend his Amended Complaint be denied because it is untimely and would

prejudice Defendants; and (2) Defendants' motion to dismiss be granted because Plaintiff failed, in his first Amended Complaint, to allege any of the Defendants' personal involvement in the asserted constitutional violation. (Dkt. No. 81). Plaintiff timely filed objections to the R&R. (Dkt. No. 84).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Defendants move to dismiss or, in the alternative, for summary judgment. The Court will evaluate this motion under the summary judgment standard.[1] Summary judgment is appropriate if a party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). A fact is deemed "material" if proof of its existence or non-existence would affect the disposition of the case, and an issue of material fact is "genuine" if a reasonable jury presented with the evidence might return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 257 (1986). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party."

---

[1] If, on a motion to dismiss, a court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, then the court treats that motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). In this case, the Court will consider the medical records submitted by Plaintiff. Accordingly, it will evaluate Defendants' entire motion under the summary judgment standard.

-3-

*HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

## Discussion

The Court has reviewed the pleadings and medical records submitted by the parties, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Even if Plaintiff were permitted to amend his Amended Complaint, the medical records make clear that he cannot demonstrate that he has suffered a constitutional violation.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Abraham v. McDonald*, 493 F. App'x 465, 466 (4th Cir. 2012) (citations omitted).

Here, the medical records reflect that, in 2002, the prison's medical personnel, operating within the system's internal review process, reached the conclusion that a conservative course of treatment centered on rehabilitation was more appropriate than surgery. (Dkt. No. 1-2 at 8). For several years, the medical personnel examining Plaintiff's knee confirmed that course of treatment, reporting inconsistent and relatively minor symptoms and noting that Plaintiff continued to engage in physical activity, including basketball. (*Id.* at 8–32). After November 2012, when a physician observed the more serious symptom of instability in Plaintiff's knee, an MRI was conducted and ACL reconstruction surgery was subsequently performed. (Dkt. Nos. 84-1 at 2, 89-1 at 3–5).

This record reflects a course of treatment falling well within the range of discretion courts

afford prison medical professionals. Thus, the Court concludes that Plaintiff cannot demonstrate that he suffered from a serious medical need "diagnosed by a physician as *mandating*" the specific treatment of ACL reconstructive surgery prior to November 2012. *Iko*, 535 F.3d at 241 (emphasis added). After November 2012, when the specific treatment of ACL reconstructive surgery may well have become mandatory, that treatment was provided. Accordingly, even construing all inferences and ambiguities in favor of Plaintiff, the Court concludes that Plaintiff cannot demonstrate deliberate indifference on the part of Defendants.

In light of the above analysis, which is based upon the pleadings and medical records submitted by the parties, the Court denies Plaintiff leave to amend his Amended Complaint on the basis that such amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, (Dkt. No. 81), DENIES Plaintiff Tyrone Sifford leave to amend his Amended Complaint, (Dkt. No. 70), and GRANTS Defendants' motion to dismiss or, in the alternative, for summary judgment, (Dkt. No. 53). Accordingly, this action is DISMISSED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 6, 2013

-5-